# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CANTERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alex Cantero ("Plaintiff"), individually and on behalf of all others similarly situated, as and for his complaint against defendant Bank of America, N.A. ("Defendant" or "Bank of America"), alleges as follows:

## NATURE OF THE ACTION

1. Defendant, like many mortgage lenders, regularly requires borrowers to maintain escrow accounts containing sufficient funds to cover payments for property taxes and insurance on mortgaged properties. Defendant collects the funds from borrowers in advance, holds the funds in escrow accounts, and then directly pays property taxes and insurance premiums when they become due.

2. In violation of New York State law, Defendant did not pay Plaintiff and members of the Class he seeks to represent interest on amounts paid into these escrow accounts.

3. Instead, Defendant uses this money to generate "float" income for itself.

4. Money sitting in an escrow account is the property of the borrower, not Defendant.

1

5. For this reason, in New York, Defendant is required to pay interest on amounts in escrow accounts to the true owner of the account and may not use those amounts solely for its own benefit.

6. Because Defendant has ignored this legal obligation, Plaintiff now brings this class action to stop this unlawful conduct and to seek redress for borrowers who did not receive the interest to which they were entitled.

## JURISDICTION AND VENUE

7. This Court also has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because: there are 100 or more class members; at least one class member is a citizen of a state that is diverse from Defendant's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES

9. Plaintiff Alex Cantero is a resident of Queens Village, New York.

10. Upon information and belief, Defendant Bank of America, N.A., is a national banking association with a main office in North Carolina as listed in its articles of association and its principal place of business is in North Carolina.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

11. Defendant is the second largest bank in the United States.

12. It is also one of largest mortgage lenders in the United States.

13. As part of its business, Defendant lends money for the purchase of residential property and takes a security interest in the property.

14. As part of such transactions, borrowers enter into a mortgage agreement with Defendant.

15. Upon information and belief, Defendant utilizes form mortgage agreements.

16. Those mortgage agreements generally require that the borrower maintain an escrow account with Defendant.

17. In accordance with the mortgage agreements, borrowers prepay property-related expenses, such as property taxes and insurance premiums, by transferring funds to Defendant that are placed into the escrow account.

18. While these funds sit in escrow accounts, Defendant uses them to generate "float" income for itself.

19. Defendant did not pay interest to Plaintiff and the Class members on the funds held in escrow accounts.

20. New York State law explicitly requires that lenders pay interest on funds in escrow accounts.

21. New York General Obligations Law § 5-601 provides:

> ***Any mortgage investing institution which maintains an escrow account pursuant to any agreement executed in connection with a mortgage*** on any one to six family residence occupied by the owner or on any property owned by a cooperative apartment corporation, as defined in subdivision twelve of section three hundred sixty of the tax law, (as such subdivision was in effect on December thirtieth, nineteen hundred sixty), and located in this state ***shall, for each quarterly period in which such escrow account is established, credit the same with dividends or interest at a rate of not less than two per centum per year based on the average of the sums so paid for the average length of time on deposit or a rate prescribed by the superintendent of financial services pursuant to section fourteen-b of the banking law and pursuant to the terms and conditions set forth in that section whichever is higher.*** The superintendent of

financial services shall prescribe by regulation the method or basis of computing any minimum rate of interest required by this section and any such minimum rate shall be a net rate over and above any service charge that may be imposed by any mortgage lending institution for maintaining an escrow account. No mortgage investing institution shall impose a service charge in connection with the maintenance of an escrow account unless provision therefor was expressly made in a loan contract executed prior to the effective date of this section. (Emphasis added).

22. New York Banking Law § 6-k and New York Real Property Tax Law § 953 provide similar requirements.

23. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. § 1639d(g)(3).

24. Defendant is well-aware of its legal obligations pertaining to escrow accounts.

25. Despite the requirements of federal and New York State law, Defendant systematically refuses to pay interest on funds held in escrow accounts for Plaintiff and members of the Class.

26. Plaintiff purchased a house in Queens Village, New York on or about August 3, 2010, and financed the purchase with a loan from Defendant.

27. Plaintiff entered into a mortgage agreement in connection with the transaction.

28. Nothing in the agreement permits Defendant to withhold interest accrued on escrow funds.

29. To the contrary, the agreement specifically provides that the instrument "shall be governed by Federal law and the law of the jurisdiction in which the Property is located."

30. Defendant utilizes form mortgage agreements with substantially similar provisions.

31. As a condition of the mortgage agreement, Plaintiff opened an escrow account with Defendant.

32. Plaintiff has regularly made monthly payments, a portion of which have been placed in the escrow account.

33. Defendant failed to pay interest on all the funds Plaintiff placed in escrow.

## CLASS ALLEGATIONS

34. Plaintiff brings this Complaint on behalf of himself and the following class:

All mortgagors 1) who entered into a mortgage agreement with Defendant or entered into a mortgage agreement that was assigned to, or serviced by, Defendant dating back six years from the date this Complaint was filed; 2) whose mortgage agreement related to any one to six family residence occupied by the owner or any property owned by a cooperative apartment corporation located in New York State; 3) who paid money into an escrow account for taxes, insurance, or for other purposes relating to the property that was maintained or serviced by Defendant or its agents, sub-servicers, or related entities; and 4) who did not receive interest on funds held in the escrow account (the "Class").

35. These class definitions specifically exclude: (a) any persons or other entity currently related to or affiliated with Defendant; (b) any Judge presiding over this action and members of his or her family; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

36. Class-wide adjudication of Plaintiff's claims is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

37. *Numerosity*: The members of the Class are so numerous that joinder of individual members is impracticable.

38. The members of the Class can be readily identified through Defendant's records.

39. *Commonality*: There are significant questions of fact and law common to the members of the Class. These issues include, but are not limited to:

   a. Whether Defendant systematically engaged in a conduct that violates New York or federal law with respect to the payment of interest on funds in escrow accounts;

   b. Whether Defendant's conduct breached the mortgage agreements of Class members;

   c. Whether Defendant owes damages, restitution, or reimbursement to Class members; and

   d. Whether injunctive relief is appropriate to prohibit Defendant from engaging in wrongful conduct in the future.

40. *Typicality*: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and members of the Class have been adversely affected and damaged by Defendant's failure to pay interest.

41. *Adequacy of Representation*: Plaintiff will fairly and adequately represent the Class. Plaintiff has the best interests of the members of the Class in mind. Plaintiff is also represented by qualified counsel with extensive experience representing classes, including experience prosecuting class actions against large financial institutions.

42. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Class is impracticable. Many members of the Class are without the financial resources necessary to pursue this matter. Even if some could afford to litigate claims separately, such a

result would be unduly burdensome to the courts in which the individualized cases would proceed.  Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals.  Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

43. The Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Class.

44. The Class may also be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to members of the Class will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

45. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

46. Plaintiff and the Class members entered into binding mortgage agreements with Defendant.

47. Plaintiff's mortgage agreement provides that the agreement is subject to both

Federal and New York law.

48. Members of the Class entered into substantially similar mortgage agreements with Defendant.

49. New York law, and by extension, Federal law requires Defendant to pay interest on funds held in escrow for Plaintiff and the Class members.

50. Defendant did not pay interest on the funds held in escrow for Plaintiff and Class members.

51. Defendant therefore breached its agreements with Plaintiff and the Class members.

52. As a result of the breach, Plaintiff and Class members have been damaged in an amount to be determined at trial, together with interest thereon.

## SECOND CLAIM FOR RELIEF
### Violation of General Business Law § 349
**(On behalf of Plaintiff and the Class)**

53. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

54. Defendant has engaged in deceptive acts or practices in the conduct of a business, trade or commerce or in the furnishing of a service in New York State.

55. Defendant's conduct was intentional, willful, and knowingly done.

56. Defendant's conduct was consumer-oriented and this conduct has broad impact on consumers at large.

57. Defendant engaged in deceptive acts or practices by failing to pay interest on funds held in escrow accounts to Plaintiff and members of the Class.

58. When presented with a mortgage agreement stating that Defendant will comply with all requirements of New York and federal law, a reasonable consumer would believe that Defendant would comply with New York and federal law applicable to the mortgage agreement.

59. Yet, at that time, Defendant was aware of the applicable law, but knew it would not pay interest on Plaintiff's and Class members' funds held in escrow.

60. Defendant's periodic statements to Plaintiff and members of the Class do not accurately reflect amounts owed to and by borrowers because they do not include interest that Defendant is required to pay on funds held in escrow.

61. When a reasonable consumer receives a monthly or periodic mortgage statement or escrow summary report, that reasonable consumer would assume that the information listed therein would be accurate and represents the amounts as they should be under New York and federal law, including applicable interest amounts earned on the escrowed funds.

62. As part of its scheme, Defendant knowingly and intentionally sends or otherwise makes available monthly and other periodic statements to borrowers that are false or misleading because they do not include applicable interest amounts earned by Plaintiff and members of the Class on their escrowed funds and, for that reason, misstate the balance owed under the mortgage agreement.

63. By reason of the foregoing, Plaintiff and the members of the Class were injured through their consumer banking relationship with Defendant.

64. As a result of Defendant's deceptive conduct, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

65. Defendant's violation of General Business Law § 349 is ongoing.

66. By reason of the foregoing, Plaintiff and the members of the Class are entitled to: their actual damages or fifty dollars, whichever is greater; an increase in the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars; interest thereon; and their reasonable attorney's fees and costs.

67. Plaintiff and the Class members are also entitled to an injunction enjoining Defendant's deceptive acts or practices.

### THIRD CLAIM FOR RELIEF
### Violation of General Business Law § 5-601
### (On behalf of Plaintiff and the Class)

68. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

69. Defendant is a "mortgage investing institution" within the meaning of GBL § 5-601.

70. Plaintiff and Defendant executed an agreement in connection with a mortgage on any one to six family residence occupied by the owner or on any property owned by a cooperative apartment corporation, and located within New York State.

71. Defendant maintains an escrow account pursuant to this agreement.

72. Plaintiff has paid money into the escrow account.

73. Defendant did not credit Plaintiff with interest on the funds in the escrow account.

74. Defendant has violated GBL § 5-601.

75. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

76. By reason of the foregoing, Plaintiff and the members of the Class are entitled to their actual damages, together with interest thereon; and reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment
**(On behalf of Plaintiff and the Class)**

77. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

78. Defendant is obligated to pay interest on the amounts Plaintiff and members of the Class pay into escrow accounts.

79. Defendant breached this legal obligation.

80. Defendant uses the amounts it was obligated to pay in interest to generate float income.

81. This float income is distinct from the interest owed to Plaintiff and members of the Class.

82. Defendant was enriched through this float income.

83. Defendant, in good conscience, should not be permitted to retain this income.

84. Defendant has been unjustly enriched.

85. Plaintiff and the members of the Class have been damaged through Defendant's conduct in an amount to be determined at trial.

86. By reason of the foregoing, Plaintiff and the members of the Class are entitled to the disgorgement of all amounts by which Defendant was unjustly enriched, together with interest thereon, and injunctive relief barring future unjust enrichment of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in his favor and in favor of the members of the Class and award:

A. On the First Claim for Relief, judgment in the amount to be determined at trial, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future breaches of Defendant's agreements;

B. On the Second Claim for Relief, judgment in the amount to be determined at trial, including all available statutory damages, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future violations of General Business Law § 349;

C. On the Third Claim for Relief, judgment in the amount to be determined at trial, together with interest thereon; and reasonable attorney's fees and costs.

D. On the Fourth Claim for Relief, judgment in the amount to be determined at trial, together with interest thereon; and injunctive relief barring future unjust enrichment by Defendant;

E. Pre and post-judgment interest on all amounts awarded;

F. An award of all available costs;

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all members of the Class, respectfully demand a trial by jury on all claims for relief so triable.

Dated: White Plains, New York
July 20, 2018

Todd S. Garber
Bradley F. Silverman
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 908-6709

tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Jeffrey S. Goldenberg (*pro hac vice* forthcoming)
**GOLDENBERG SCHNEIDER, L.P.A.**
One West Fourth Street, 18th Floor
Cincinnati, Ohio  45202-3604
Tel:  513.345.8297
Fax: 513.345.8294
jgoldenberg@gs-legal.com

*Attorneys for Plaintiff*

{00040732; 1}                        13