THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CANTERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A,<br><br>Defendant. | Case No.: 1:18-cv-04157-ENV-RML<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alex Cantero ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, brings this first amended complaint against defendant Bank of America, N.A. ("Defendant" or "Bank of America"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant, like many other mortgage lenders, regularly requires borrowers to maintain escrow accounts containing sufficient funds to cover payments for property taxes and insurance on mortgaged properties. Defendant collects these funds from borrowers in advance, holds the funds in escrow accounts, and then directly pays property taxes and insurance premiums when they become due.

2. In violation of the laws of New York and twelve other states, Defendant did not pay interest on amounts paid into these escrow accounts by Plaintiff and members of the Class he seeks to represent.

3. Instead, Defendant uses this money to generate "float" income for itself.

4. Funds sitting in an escrow account are the property of the borrower, not Defendant.

1

5. For this reason, in New York and in the other twelve states included in the Class, Defendant is required to pay interest on amounts in escrow accounts to the true owner of these funds and may not use those amounts solely for its own benefit.

6. Because Defendant has ignored this legal obligation, Plaintiff now brings this class action to stop this unlawful conduct and to seek redress for borrowers who did not receive the interest to which they were entitled.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because there are 100 or more class members; at least one class member is a citizen of a state that is diverse from Defendant's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES

9. Plaintiff Alex Cantero is a resident of Queens Village, New York.

10. Upon information and belief, Defendant Bank of America, N.A. is a national banking association with a main office in North Carolina as listed in its articles of association and a principal place of business is in North Carolina.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

11. Defendant is the second largest bank in the United States.

12. It is also one of largest mortgage lenders in the United States.

13. As part of its business, Defendant lends money to borrowers for the purchase of residential property and takes a security interest in the property.

14. As part of such transactions, borrowers enter into a mortgage agreement with Defendant which involves using the property as collateral.

15. Upon information and belief, Defendant utilizes form mortgage agreements.

16. Those mortgage agreements generally require that the borrower maintain an escrow account with Defendant.

17. In accordance with the mortgage agreements, borrowers prepay property-related expenses, such as property taxes and insurance premiums, by transferring funds to Defendant that are placed into the escrow account.

18. While these funds sit in escrow accounts, Defendant uses them to generate "float" income for itself.

19. Defendant did not pay interest to Plaintiff and the Class members on the funds held in escrow accounts.

20. The laws of New York and the other twelve states included in the Class explicitly require that lenders pay interest on funds in escrow accounts.

21. New York General Obligations Law § 5-601 provides:

> ***Any mortgage investing institution which maintains an escrow account pursuant to any agreement executed in connection with a mortgage*** on any one to six family residence occupied by the owner or on any property owned by a cooperative apartment corporation, as defined in subdivision twelve of section three hundred sixty of the tax law, (as such subdivision was in effect on December thirtieth, nineteen hundred sixty), and located in this state ***shall, for each quarterly period in which such escrow account is established, credit the same with dividends or interest at a rate of not less than two per centum per year based on the average of the sums so paid for the average length of time on deposit or a rate prescribed by the superintendent of financial services pursuant to section fourteen-b of the banking law and pursuant to the terms and conditions set forth in that section whichever is higher.*** The superintendent of financial services shall prescribe by

3

> regulation the method or basis of computing any minimum rate of interest required by this section and any such minimum rate shall be a net rate over and above any service charge that may be imposed by any mortgage lending institution for maintaining an escrow account. No mortgage investing institution shall impose a service charge in connection with the maintenance of an escrow account unless provision therefor was expressly made in a loan contract executed prior to the effective date of this section.

(Emphasis added).

22. New York Banking Law § 6-k and New York Real Property Tax Law § 953 provide similar requirements.

23. Similarly, Iowa law requires lenders to pay interest earned on escrowed funds pursuant to Iowa Code § 524.905(2), which provides:

> A bank may include in the loan documents signed by the borrower a provision requiring the borrower to pay the bank each month in addition to interest and principal under the note an amount equal to one-twelfth of the estimated annual real estate taxes, special assessments, hazard insurance premium, mortgage insurance premium, or any other payment agreed to by the borrower and the bank in order to better secure the loan. The bank shall be deemed to be acting in a fiduciary capacity with respect to these funds**.** ***A bank receiving funds in escrow pursuant to an escrow agreement executed*** on or after July 1, 1982 in connection with a loan as defined in section 535.8, subsection 1, ***shall pay interest to the borrower on those funds***, calculated on a daily basis, at the rate the bank pays to depositors of funds in ordinary savings accounts**.** A bank which maintains an escrow account in connection with any loan authorized by this section, whether or not the mortgage has been assigned to a third person . . . .

(Emphasis added).

24. Utah law requires lenders to pay interest earned on escrowed funds pursuant to Utah Code Ann. § 7-17-1 *et seq*., including § 7-17-3(1) and 7-17-3(1)(a) which provides:

> Each lender requiring the establishment or continuance of a reserve account in connection with an existing or future real estate loan shall, on a yearly basis as of December 31, calculate and credit to the account interest on the average daily balance of funds deposited in the account at a rate equal to: (a) 5-1/2%.

4

25. Connecticut, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, Oregon, Rhode Island, Vermont, and Wisconsin have similar statutes requiring financial institutions to pay borrowers interest on their escrow accounts. *See* Conn. Gen. Stat. § 49-2a (Connecticut); ME. Rev. Stat. Ann. tit. 33, § 504 (Maine); MD. Comm. Law Code Ann. § 12-109 (Maryland); Mass. Gen. L. ch. 183, § 61 (Massachusetts); Minn. Stat. Ann. § 47.20, subd. 9 (Minnesota); N.H. Rev. Stat. Ann. § 384:16-a *et seq.* (New Hampshire); OR. Rev. Stat. §§ 86.205, 86.245 (Oregon); R.I. Gen. Laws § 19-9-2 (Rhode Island); Vt. Stat. Ann. tit. 8, § 10404 (Vermont); and Wis. Stat. § 138.052 (Wisconsin).

26. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. § 1639d(g)(3).

27. Defendant is well-aware of its legal obligations pertaining to escrow accounts.

28. Despite the requirements of the laws of New York and these other twelve states, as well as federal law, Defendant systematically refuses to pay interest on funds held in escrow accounts of Plaintiff and members of the Class.

29. Plaintiff purchased a house in Queens Village, New York on or about August 3, 2010, and financed the purchase with a loan from Defendant.

30. Plaintiff entered into a mortgage agreement in connection with the transaction.

31. Nothing in the agreement permits Defendant to withhold interest accrued on escrow funds.

32. To the contrary, the agreement specifically provides that the instrument "shall be governed by Federal law and the law of the jurisdiction in which the Property is located."

33. As a condition of the mortgage agreement, Plaintiff opened an escrow account with Defendant.

34. Defendant utilizes form mortgage agreements with substantially similar provisions.

35. Plaintiff has regularly made monthly payments, a portion of which have been placed in the escrow account.

36. Defendant failed to pay interest on the funds Plaintiff placed in escrow.

37. Upon information and belief, Defendant profited off the funds held in escrow by generating float income, which Defendant retained for itself. Float income is revenue from the investment of funds held by Defendant.

## CLASS ALLEGATIONS

38. Plaintiff brings this Complaint on behalf of himself and the following class:

All mortgagors 1) who entered into a mortgage agreement with Defendant (or its related entities, predecessors-in-interest, or successors) or entered into a mortgage agreement that was assigned to, or serviced by, Defendant (or related entities, predecessors-in-interest, or successors); 2) whose mortgage agreement related to an owner-occupied residence located in either New York, Connecticut, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, Oregon, Rhode Island, Utah, Vermont, or Wisconsin; 3) who paid money into an escrow account for taxes, insurance, or for other purposes relating to the property that was maintained or serviced by Defendant (or its agents, servicers, sub-servicers, related entities, predecessors-in-interest, or successors); and 4) who did not receive the interest due on funds held in the escrow account (the "Class").

39. The class definition specifically excludes: (a) any persons or other entity currently related to or affiliated with Defendant; (b) any Judge presiding over this action and members of his or her family; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

40. Class-wide adjudication of Plaintiff's claims is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

41. *Numerosity*: The members of the Class are so numerous that joinder of individual members is impracticable.

42. The members of the Class can be readily identified through Defendant's records.

43. *Commonality*: There are significant questions of fact and law common to the members of the Class. These issues include, but are not limited to:

    a. Whether Defendant systematically engaged in a conduct that violates federal law or the law of New York or the other twelve states with respect to the payment of interest on funds in escrow accounts;

    b. Whether Defendant's conduct breached the mortgage agreements of Class members;

    c. Whether Defendant owes damages, restitution, or reimbursement to Class members; and

    d. Whether injunctive relief is appropriate to prohibit Defendant from engaging in wrongful conduct in the future.

44. *Typicality*: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and members of the Class have been adversely affected and damaged by Defendant's failure to pay interest.

45. *Adequacy of Representation*: Plaintiff will fairly and adequately represent the Class. Plaintiff has the best interests of the members of the Class in mind. Plaintiff is also

represented by qualified counsel with extensive experience representing classes, including experience prosecuting class actions against large financial institutions.

46. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Class is impracticable. Many members of the Class are without the financial resources necessary to pursue this matter. Even if some could afford to litigate claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

47. The Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Class.

48. The Class may also be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to members of the Class will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

49. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

50. Plaintiff and the Class members entered into binding mortgage agreements with Defendant.

51. Members of the Class entered into substantially similar mortgage agreements with Defendant.

52. The laws of New York and the twelve other states, and by extension, federal law require Defendant to pay interest on funds held in escrow for Plaintiff and the Class members.

53. Defendant did not pay interest on the funds held in escrow for Plaintiff and Class members.

54. Defendant therefore breached its agreements with Plaintiff and the Class members.

55. By reason of the foregoing, Plaintiff and the Class members are entitled to judgment in the amount to be determined at trial, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future breaches of Defendant's agreements

### SECOND CLAIM FOR RELIEF
**Violation of Materially Identical State Consumer Protection Acts**
**(On behalf of Plaintiff and the Class)**

56. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

57. Plaintiff, on behalf of members of the Class, and those similarly situated, brings these statutory consumer protection claims pursuant to the substantially and materially similar

"Consumer Protection Acts" identified below, all of which were enacted and designed to protect consumers against unlawful, fraudulent, and/or unfair business acts and practices.

   a. N.Y. General Business Law § 349 (New York);

   b. Conn. Gen.Stat. Ann. § 42-110a et seq. (Connecticut);

   c. Iowa Code § 714.16 et seq. (Iowa);

   d. ME Rev. Stat. tit. 5, § 205-A et seq. (Maine);

   e. MD. Code Ann., Com. Law § 13-101 et seq. (Maryland);

   f. Mass. Gen. Laws Ann. ch. 93A, § 1 et seq. (Massachusetts);

   g. Minn. Stat. Ann. § 325F.68 et seq., Minn. Stat. Ann. § 325D.09 et seq., Minn. Stat. Ann. § 325D.43 et seq., and Minn. Stat. Ann. § 325F.67 (Minnesota);

   h. N.H. Rev. State. Ann. § 358-A:1 et seq. (New Hampshire);

   i. OR. Rev. Stat. Ann. § 646.605 et seq. (Oregon);

   j. 6 R.I. Gen. Laws Ann. § 6-13.1-1 et seq. (Rhode Island);

   k. Utah Code Ann. § 13-11-1 et seq. (Utah);

   l. VT. Stat. Ann. tit. 9, § 2451 et seq. (Vermont); and

   m. Wis. Stat. Ann. § 100.20 (Wisconsin).

58. Defendant has engaged in deceptive acts or practices in the conduct of a business, trade or commerce or in the furnishing of a service in New York State and in the twelve other states.

59. Defendant's conduct was intentional, willful, and knowingly done.

60. Defendant's conduct was consumer-oriented and this conduct has broad impact on consumers at large.

61. Defendant engaged in deceptive acts or practices by failing to pay interest on funds held in escrow accounts to Plaintiff and members of the Class.

62. When presented with a mortgage agreement stating that Defendant will comply with all requirements of state and federal law, a reasonable consumer would believe that Defendant would comply with state and federal law applicable to the mortgage agreement.

63. Yet, at that time, Defendant was aware of the applicable law, but knew it would not pay interest on Plaintiff's and Class members' funds held in escrow.

64. Defendant's periodic statements to Plaintiff and members of the Class do not accurately reflect amounts owed to and by borrowers because they do not include interest that Defendant is required to pay on funds held in escrow.

65. When a reasonable consumer receives a monthly or periodic mortgage statement or escrow summary report, that reasonable consumer would assume that the information and figures listed therein would be accurate and in accordance with state law and federal law.

66. As part of its scheme, Defendant knowingly and intentionally sends or otherwise makes available monthly and other periodic statements to borrowers that are false or misleading because they do not include applicable interest amounts on escrowed funds to which Plaintiff and members of the Class are entitled on.

67. As part of its scheme, Defendant knowingly and intentionally sends or otherwise makes available monthly and other periodic statements to borrowers that are false or misleading because they do not include accurately reflect the balance owed under the mortgage agreement because interest to which Plaintiff and members of the Class are entitled are not credited towards amounts owed under the mortgage agreement.

68. Defendant has violated each of the Consumer Protection Acts listed above.

69. Plaintiff and the members of the Class were injured through their consumer banking relationship with Defendant.

70. As a result of Defendant's deceptive conduct, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

71. Defendant's violations of the Consumer Protection Acts are ongoing.

72. By reason of the foregoing, Plaintiff and the members of the Class are entitled to all monetary damages, statutory damages, punitive damages, interest on damages, injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under the Consumer Protection Acts or other laws of the applicable states.

### THIRD CLAIM FOR RELIEF
**Violation of Materially Identical State Escrow Interest Statutes**
**(On behalf of Plaintiff and the Class)**

73. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

74. Defendant is a "mortgage investing institution" within the meaning of GBL § 5-601.

75. Plaintiff and Defendant executed an agreement in connection with a mortgage on a one to six family residence occupied by the owner or on a property owned by a cooperative apartment corporation, and located within New York State.

76. Defendant maintains an escrow account pursuant to this agreement.

77. Plaintiff has paid money into the escrow account.

78. Defendant did not credit Plaintiff with interest on the funds in the escrow account.

79. By failing to pay interest on escrowed funds to Plaintiff and Class members, Defendant has violated substantially and materially similar escrow interest laws identified below,

all of which were enacted and designed to mandate the payment of interest on escrow funds ("State Escrow Interest Statutes"):

    a. N.Y. Gen. Oblig. Law § 5-601 (New York);

    b. Conn. Gen. Stat. § 49-2a (Connecticut);

    c. Iowa Code § 524.905(2) (Iowa);

    d. ME. Rev. Stat. Ann. tit. 33, § 504 (Maine);

    e. MD. Comm. Law Code Ann. § 12-109 (Maryland);

    f. Mass. Gen. L. ch. 183, § 61 (Massachusetts);

    g. Minn. Stat. Ann. § 47.20, subd. 9 (Minnesota);

    h. N.H. Rev. Stat. Ann. § 384:16-a *et seq.* (New Hampshire);

    i. OR. Rev. Stat. §§ 86.205, 86.245 (Oregon);

    j. R.I. Gen. Laws § 19-9-2 (Rhode Island);

    k. Utah Code Ann. § 7-17-1 *et seq.* (Utah);

    l. Vt. Stat. Ann. tit. 8, § 10404 (Vermont); and

    m. Wis. Stat. § 138.052 (Wisconsin).

80. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

81. Defendant's violations of the State Escrow Interest Statutes are ongoing.

82. By reason of the foregoing, Plaintiff and the members of the Class are entitled to all monetary damages, statutory damages, punitive damages, interest on damages, injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under the State Escrow Interest Statutes or other laws of the applicable states.

## **FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

83. Plaintiff repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

84. Defendant is obligated to pay interest on the amounts Plaintiff and members of the Class pay into escrow accounts.

85. Defendant breached this legal obligation.

86. Defendant uses the amounts it was obligated to pay as interest to generate float income.

87. This float income is distinct from the interest owed to Plaintiff and members of the Class.

88. Defendant was enriched through this float income.

89. Defendant, in good conscience, should not be permitted to retain this income.

90. Defendant has been unjustly enriched.

91. Plaintiff and the members of the Class have been damaged through Defendant's conduct in an amount to be determined at trial.

92. By reason of the foregoing, Plaintiff and the members of the Class are entitled to the disgorgement of all amounts by which Defendant was unjustly enriched, together with interest thereon, injunctive relief barring future unjust enrichment of Defendant, and reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment in his favor and in favor of the members of the Class and:

A. Certify the Class under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3);

B. Appoint Plaintiff as the representative of the class;

C. Appoint Plaintiff's counsel as counsel for the class;

D. On the First Claim for Relief, award judgment in the amount to be determined at trial, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future breaches of Defendant's agreements;

E. On the Second Claim for Relief, award judgment in the amount to be determined at trial, including all monetary damages, statutory damages, punitive damages, interest on damages, as well as all injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under the Consumer Protection Acts or other laws of the applicable states;

F. On the Third Claim for Relief, award judgment in the amount to be determined at trial, including all monetary damages, statutory damages, punitive damages, interest on damages, as well as all injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under the State Escrow Interest Statutes or other laws of the applicable states;

G. On the Fourth Claim for Relief, award judgment in the amount to be determined at trial, including the disgorgement of all amounts by which Defendant was unjustly enriched, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring the future unjust enrichment of Defendant;

H.   Award pre and post-judgment interest on all amounts awarded;

I.   Award of all available costs; and

J.   Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all members of the Class, respectfully demand a trial by jury on all claims for relief so triable.

Dated: White Plains, New York
       August 7, 2018

*/s/ Todd S. Garber*
Todd S. Garber
Bradley F. Silverman
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 908-6709
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Jeffrey S. Goldenberg (*pro hac vice* forthcoming)
**GOLDENBERG SCHNEIDER, L.P.A.**
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202-3604
Tel: 513.345.8297
Fax: 513.345.8294
jgoldenberg@gs-legal.com

Hassan A. Zavareei (*pro hac vice* forthcoming)
Anna C. Haac (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
ahaac@tzlegal.com

Jonathan M. Streisfeld (*pro hac vice* forthcoming)
Jeff Ostrow (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No. (954) 525-4300
streisfeld@kolawyers.com
ostrow@kolawyers.com

*Attorneys for Plaintiff*